Michael E. WADE, Appellant,

v.

STATE of Indiana, Appellee.

No. 1078S233.

Supreme Court of Indiana.

April 12, 1979.

Joe Tipton, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Judge.

Appellant was convicted of armed robbery and of inflicting an injury in the perpetration of a robbery. He was sentenced to life imprisonment.

Shortly after midnight on July 23, 1975, a black man with a stocking over his face accosted the attendants at Richard's Market Basket on East 52nd Street in Indianapolis. The intruder ordered one attendant to lie face down on the floor and then proceeded to tie the attendant's hands behind his back. The attacker then shot the attendant in the back. The bullet pierced the attendant's body between his liver and kidney. He was hospitalized for three months. The assailant then marched the attendant to the office, unlocked the door and removed about $3,000.00 from the office safe. The attendant identified appellant at trial as resembling the gunman.

Investigating police officers recovered a spent bullet and a spent casing from the scene. Appellant was later apprehended. A .32 caliber automatic pistol and four live shells were recovered when he was searched. A ballistics test by a police expert showed that the spent bullet was fired from the gun recovered from appellant. Detective Green of the Indianapolis Police Department interrogated appellant after the ballistics test was completed. Appellant first denied participation in the robbery and attempted to blame it on others. When he was confronted with those accused, he admitted that he had committed the robbery and shot the attendant.

■ Appellant first contends the trial court erred in overruling his motion for discharge under CR. 4(C). The information against him was filed on July 8, 1976; however, he was not served with the capias until October, 1977, as he was incarcerated in the Indiana State Prison in Michigan City. Rule 4(C) provides:

"*Defendant discharged.* No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing *more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later . . . .*" (emphasis supplied.)

In the case at bar appellant was arrested on the charge on October 27, 1977, and was tried by jury on May 4, 1978. His incarceration from July, 1976, to October, 1977, was for a separate conviction and had no relationship to the charges in the present information. He was "held on recognizance" for this specific information only from October, 1977, through May, 1978. Appellant therefore was not entitled to discharge under CR. 4(C). *Cooley v. State* (1977) Ind.App., 360 N.E.2d 29.

■■ Appellant further argues that he was denied his constitutional right to a speedy trial by reason of the State's failure to prosecute him promptly after the information was filed. Assessment of this right involves a consideration of the particular facts of each case, including the length of delay, the reasons for the delay, the defendant's assertion of his right, whether the State made a good faith effort to afford him a speedy trial and the degree of prejudice to the defendant. *Barker v. Wingo* (1972) 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101; *Hart v. State* (1973) 260 Ind. 137, 292 N.E.2d 814. In the case at bar the delay in serving appellant with the capias was 15 months. At that time appellant was incarcerated in the Indiana State Prison. He has shown absolutely no prejudice by reason of the delay in serving him. Under such circumstances it cannot be said that appellant's constitutional right to a speedy trial has been abridged.

■ Appellant next alleges that evidence of his confession was erroneously ad-

mitted. He contends that he was not advised of his constitutional rights before confessing, that he did not knowingly and voluntarily waive such rights and that the confession was obtained by direct and implied promises of immunity. The State has the burden of proving voluntariness beyond a reasonable doubt. *Ortiz v. State* (1976) 265 Ind. 549, 356 N.E.2d 1188. Here, Detective Green testified that he orally advised appellant of his rights, that appellant read them back to Green from a form, that Green and appellant signed the waiver of rights form. At the time appellant was not intoxicated and appeared to understand his actions. This testimony, along with the waiver of rights form which was introduced in evidence, is sufficient evidence of probative value to support the trial court's determination that appellant was advised of his rights and voluntarily waived them.

■ As to the contention that the confession was obtained through the use of promises of immunity, the evidence again fails to support the appellant's position. Detective Green testified that he made no promises to appellant regarding the Market Basket robbery. He explained that other possible charges against him in other matters did not involve an "inflicting injury" charge and that these other charges could be included in a deal. However, the Market Basket incident involved inflicting injury in the perpetration of a robbery and that charge would be filed. Green refused to promise appellant that he would not be charged in connection with this robbery. Thus, the trial court's finding clearly is supported by sufficient evidence and will not be disturbed on appeal.

■ Appellant claims the trial court erred in overruling his third motion for continuance. The motion was not supported by affidavit and in no way complies with the requirements of IC § 35-1-26-1 [Burns 1979]. Hence, we must apply the rule that a motion for continuance, upon grounds other than statutory ones, is within the sound discretion of the trial court and will be reversed only where a clear abuse of such discretion is shown. TR. 53.4; *Works v. State* (1977) Ind., 362 N.E.2d 144. Appellant here had previously been granted two continuances. This third motion merely stated that he needed additional time to find an alibi witness and to hire private counsel to replace his public defender. He has shown no reasons whatsoever for his inability to find the witness or procure counsel prior to the motion. The trial court was well within its judicial discretion in overruling the motion for a continuance.

Appellant next submits that the spent bullet and casing were erroneously admitted in evidence as the State failed to establish a proper chain of custody.

"An exhibit is admissible if the evidence regarding its chain of custody strongly suggests the exact whereabouts of the evidence at all times. The State need not exclude all possibilities of tampering, but need only provide 'reasonable assurance' that the exhibit has passed through the various hands in a undisturbed condition." *Rinard v. State* (1976) 265 Ind. 56, 60, 351 N.E.2d 20, 23.

The evidence shows that one of the investigating officers placed the items in an envelope, marked it, sealed it and delivered it to the police property room. The envelope was checked out by the ballistics expert when the test was conducted on the gun recovered from the appellant. The envelope was then returned to the property room and was brought to the court on the day of trial. When it was opened at trial the bullet and casing were found wrapped in tissue paper. The investigating officer testified he could have wrapped them in this paper but could not precisely recall whether he had done so. The ballistics expert stated that the tissue was in the envelope when he checked it out from the property room, and that after the test, he placed his identifying mark on the tissue paper and wrapped the items again in it before placing them back in the envelope.

Appellant's sole argument is that the presence of this tissue taints the evidence and casts serious doubt on the chain of custody. We cannot accept the argument. While the origin of the tissue paper is unexplained, the testimony of the officers strongly suggests the exact whereabouts of the evidence at all times. Appellant has raised at most a mere "possibility of tampering" which cannot render the admission of the evidence improper.

Finally, appellant contends that since his confession was inadmissible, the evidence therefore is insufficient as a matter of law. We have held that the confession was properly admitted. This, coupled with the other evidence heretofore recited, is substantial evidence of probative value from which the jury could have inferred that appellant committed the crimes charged.

The judgment of the trial court is in all respects affirmed.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.