Lloyd H. DOUGLAS, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 71A03–8709–CR–243.

Court of Appeals of Indiana, Third District.

Dec. 30, 1987.

Charles W. Lahey, South Bend, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

Lloyd Douglas appeals from his conviction of battery, a Class A misdemeanor, after a bench trial in St. Joseph Superior Court.

The facts most favorable to the verdict, as taken from the testimony of the victim, Elaine Lampos, are as follows: Elaine Lampos was married to Douglas from October of 1978 until April of 1983. Lampos left Douglas in February of 1983 and ten days after she left she returned to their former residence to pick up divorce papers. Douglas offered Lampos a ride to the bus station, but on the way he stopped the car and choked Lampos, beat her with his fists, an umbrella and a hammer, tied her up and took her back to their former residence. After two days at the residence, during which time Douglas hid Lampos' clothes so she could not escape, Lampos called the police and reported the incident. The police who filed Lampos' complaint and brought her to the hospital testified that she had two black eyes, bumps on her head, scratches and bruises and a burn mark.

Douglas was charged with battery by an Information filed on March 17, 1983. A warrant was issued on March 17, 1983 but no further action was taken until a second warrant was issued on June 5, 1986. Trial was ultimately held on February 26, 1987.

Douglas alleges here that the delay in the prosecution of this case violated his constitutional rights to due process and a speedy trial, and prejudiced him in his presentation of a defense to this charge. The Sixth Amendment of the United States Constitution guarantees a criminal defendant a right to a speedy trial, and that right is applied to the states by virtue of the Fourteenth Amendment. *United States v. Marion* (1971) 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468. The United States Supreme Court in *Barker v. Wingo* (1972) 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed. 2d 101, discussed the approach that should be taken to review a criminal defendant's claim of prejudice resulting from the delay in bringing his case to trial:

"Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." (Footnote omitted.) 407 U.S. at 532, 92 S.Ct. at 2193.

Douglas was not incarcerated for this charge prior to 1986 and no claim of anxiety or concern has been made, but Douglas does allege in his brief of appellant that the delay impaired his ability to present his defense.

The delay between the filing of the Information on March 17, 1983 and Douglas' arrest on June 5, 1986 was well over the two-year statute of limitations period specified for Class A misdemeanors under IND. CODE § 35–41–4–2, and thus prejudice to Douglas from that delay is presumed. *Scott v. State* (1984), Ind.App., 461 N.E.2d 141, 145. However, that presumption can be rebutted by the State, *Scott, supra*, and here the testimony of Douglas elicited on redirect examination regarding his whereabouts on the days Elaine Lampos suffered her injuries was sufficient to rebut the presumption of prejudice resulting from the delay:

"Q  You don't have any witnesses here today who can testify as to your

whereabouts during that period of time, do you?

A No.

Q Had you been aware of these charges in 1983, do you feel that you could have obtained witnesses who could have accounted for your presence during this period of time?

A No.

Q You wouldn't have anyone who could have said you were at your house during that two day period or that you might have gone fishing and somebody might have seen you fishing, you couldn't do nothing [sic] to that effect?

A No, because when I was married to her I was a loner and I'm still much of a loner now."

Douglas' defense was based on his insistence that another person performed the beating that Elaine Lampos received in February of 1983, and his testimony that he would not have had any better evidence to counter the testimony of Elaine Lampos if this case was tried in 1983 was sufficient to rebut the presumption of prejudice. The only evidence destroyed during the delay were pictures depicting Elaine Lampos' injuries, which would have been cumulative to Lampos' testimony and irrelevant to Douglas' defense that he was not the man who beat Lampos.

There being no finding of prejudice from the delay, Douglas' conviction for battery is affirmed.

Affirmed.

NEAL and STATON, JJ., concur.