**Lloyd H. DOUGLAS,
Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 71A04–8709–CR–268.**

Court of Appeals of Indiana,
Third District.

Dec. 30, 1987.

Charles W. Lahey, South Bend, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

Lloyd Douglas appeals from his conviction of battery, a Class A misdemeanor, after a bench trial in St. Joseph County Superior Court.

The facts pertinent to this appeal can be gleaned from the testimony offered at trial: David Stevens testified that on June 10, 1983, he lived next door to Douglas' sister. On that date, he and Douglas had an argument over Stevens' driving of his car too close to Douglas' nieces, and the argument escalated into an altercation where Douglas cut Stevens with a knife. Douglas' sister, Doris Jean Douglas, testified that she observed this altercation but that Douglas was not the man who cut Stevens with a knife, nor was Douglas even present at her house on that date. Douglas testified in his own defense that he did not cut Stevens, nor was he at his sister's house on June 10, 1983. Douglas further testified that if he had been able to prepare his defense to this charge at an earlier time than when he became aware of these charges after his arrest in 1986, he would have been able to produce additional witnesses to testify in support of his alibi defense.

Douglas was charged with battery by an Information filed on June 27, 1983. A warrant was issued on June 27, 1983, but no further action was taken until a second warrant was issued on June 5, 1986. Trial was ultimately held on February 26, 1987.

Douglas alleges here that the delay in the prosecution of this case violated his constitutional rights to due process and a speedy trial, and prejudiced him in his presentation of a defense to this charge. The Sixth Amendment of the United States Constitution guarantees a criminal defendant a right to a speedy trial, and that right is applied to the states by virtue of the Fourteenth Amendment. *United States v. Marion* (1971), 404 U.S. 307, 313, 92 S.Ct. 455, 459, 3 L.Ed.2d 468. The United States

Supreme Court in *Barker v. Wingo* (1972) 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, discussed the approach that should be taken to review a criminal defendant's claim of prejudice resulting from the delay in bringing his case to trial:

"Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." (Footnote omitted.) 407 U.S. at 532, 92 S.Ct. at 2193.

Though the record does not show that Douglas was incarcerated as a result of this charge prior to trial, and Douglas' testimony that prior to 1986 he was unaware of the pending charges would seem to end any inquiry over his anxiety and concern, Douglas claimed at trial and on appeal that the delay impaired his ability to present an alibi defense.

■ The delay between the filing of the Information on June 27, 1983 and Douglas' arrest on June 10, 1986 was well over the two-year statute of limitations period specified for Class A misdemeanors under IND. CODE § 35–41–4–2, and thus prejudice to Douglas from that delay is presumed. *Scott v. State* (1984), Ind.App., 461 N.E.2d 141, 145. It is the burden of the State to rebut the presumption of prejudice.

■ This Court decided in *Douglas v. State* (1987), Ind.App., 517 N.E.2d 114, that the State adequately rebutted the presumption of prejudice resulting from a similar delay in prosecution by virtue of Lloyd Douglas' own testimony that his defense would have been the same if the trial had occurred four years earlier. However, this case differs in that not only did Douglas

claim that he could have produced additional witnesses to support an alibi defense had the trial been held earlier, but more importantly the State failed to rebut the presumption of prejudice to Douglas resulting from the delay which exceeded the statute of limitations. *See, Scott, supra* at 145. Because it can only be concluded that the impermissible delay in prosecuting Douglas for this crime prejudiced him in his preparation of a defense, Douglas' conviction must be reversed.

Reversed.

NEAL and STATON, JJ., concur.