**James Edward KRISTEK,**
**Plaintiff–Appellant,**

v.

**STATE of Indiana, Defendant–Appellee.**

**No. 45A03–8812–CR–352.**

Court of Appeals of Indiana,
Third District.

March 13, 1989.

Nels A. Kompier, Law Office of C. Jerome Smith, Hammond, Karen Freeman, Deputy Lake County Prosecutor, Crown Point, for plaintiff-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for defendant-appellee.

GARRARD, Presiding Judge.

Kristek brings this interlocutory appeal to challenge the trial court's refusal to grant his motion to dismiss which was premised upon his constitutional right to a speedy trial.

Kristek was charged with the commission of a robbery alleged to have occurred on December 2, 1980. The information was filed December 15, 1980 but Kristek was not arrested until September 7, 1988. He filed his motion to dismiss with accompanying affidavit at the omnibus hearing on November 17, 1988 asserting violation of his right to speedy trial and that he could not recall the events of December 2, 1980 or identify any witnesses, reports or statements.

The court set the matter for hearing on December 2, 1988. At that time the court engaged in colloquy with counsel but no additional evidence was taken. The court ruled that the burden to show that the defense was prejudiced was upon Kristek and denied the motion. This appeal followed upon a stipulated record.

■ Indiana is among the jurisdictions that will consider a speedy trial claim based upon delay between the filing of the information and the arrest of the accused. *Stewart v. State* (1976), 170 Ind.App. 696, 354 N.E.2d 749.

In making the determination we apply the balancing test set forth in *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. *Stewart, supra.* That involves consideration of (1) the length of delay, (2) the assertion of the right to speedy trial by the defendant, (3) the reasons for the delay, and (4) prejudice to the accused's defense.

■ Ordinarily prejudice will not be presumed from the mere lapse of time and the burden to establish prejudice rests with the accused. *Wade v. State* (1979), 270 Ind. 549, 387 N.E.2d 1309.

■ In *Scott v. State* (1984), Ind.App., 461 N.E.2d 141 (Buchanan, J. dissenting) our Second District determined that when the period of delay exceeds the applicable statute of limitations for the offense, a rebuttable presumption of prejudice does arise and the burden of going forward with evidence to rebut the presumption shifts to the state. 461 N.E.2d at 145. This district applied *Scott* in *Douglas v. State* (1987), Ind.App., 517 N.E.2d 116. In a different case involving the same defendant, the court applied *Scott* but found the presumption sufficiently rebutted by defendant's admissions that even without the lapse of time he would not have been able to produce any witnesses or establish an alibi. *Douglas v. State* (1987), Ind.App., 517 N.E.2d 114.

In the present case the statute of limitations for the robbery was five years. IC 35–41–4–2. Nearly eight years elapsed before Kristek was arrested on the charge. Following *Scott* and *Douglas* the court erred in ruling that the burden to establish prejudice rested with him.

The state offered no evidence to rebut the presumption of prejudice. Application of the other *Barker* factors discloses the following: The length of the delay was substantial. While the defendant did not assert his right to speedy trial until after his arrest in 1988, there is no showing that he had any awareness of the charges until then. Concerning the reasons for the delay in his arrest, it appears that Kristek resided in Lake County, Indiana during the entire period although at several addresses. One of these addresses appears to have been that of his parents, where he resided at the time of a 1980 arrest, and it appears that his parents continued to reside at that address throughout the entire period.[1] The

---

1. This information was contained in Kristek's affidavit, to which no objection was offered by the state.

record is simply silent as to what effort, if any, the state made to secure Kristek's arrest between December 15, 1980 and September 7, 1988. The state proffered no evidence of diligent effort or evasiveness on the part of Kristek that might weigh against the presumed prejudice to Kristek's defense.

Applying *Scott* and *Stewart*, we are forced to conclude that the court erred in denying Kristek's motion to dismiss. We therefore sustain the appeal and remand with instructions to grant the motion to dismiss.

CONOVER, P.J., and STATON, J., concur.