**Michael WADE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00–8809–PC–840.**

Supreme Court of Indiana.

June 6, 1991.

See also 270 Ind. 549, 387 N.E.2d 1309.

Susan K. Carpenter, Public Defender, Stephen T. Owens, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa A. McCoy, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant was convicted of Armed Robbery and Inflicting an Injury in the Perpetration of a Robbery. The convictions were merged and appellant was sentenced to life imprisonment. Appellant's conviction was affirmed by this Court. *Wade v. State* (1979), 270 Ind. 549, 387 N.E.2d 1309. Subsequently, appellant filed a petition for post-conviction relief, which was denied by the trial court. Appellant now appeals that decision.

Appellant claims he was denied effective assistance of trial counsel in that counsel failed to subpoena three alibi witnesses; namely, Joyce Scott, Rosie Scott, and Jasper Rucker. However, at the hearing on the post-conviction relief petition, trial counsel testified that appellant in fact had advised him of the existence of the witnesses and their possible use in establishing an alibi. Counsel contacted Rosie Scott on several occasions and asked the whereabouts of her daughter, Joyce Scott. Mrs. Scott told counsel that she was unable to help him locate her daughter and that Joyce would not be helpful as an alibi witness because only Rosie and Jasper Rucker had been with the appellant on the night of the incident.

Counsel stated that Jasper Rucker telephoned him on May 5, 1978 and told him that Joyce did not wish to be located. Both Rosie and Jasper informed counsel that they would be available to testify. Counsel then prepared subpoenas for Rosie Scott, Joyce Scott, and Jasper Rucker and sent them to the residential address. However, none of the three appeared for trial; thus counsel was unable to present the alibi defense.

At the post-conviction relief hearing, Joyce Scott, Rosie Scott, and Jasper Rucker all testified. Joyce testified that she recalled the date of July 22, 1975, the day of the robbery, because it was the one-year anniversary of the date she and appellant had begun dating. She testified that they had gone for pizza then returned home and stayed in the home the remainder of that evening. She further testified that she knew appellant had been arrested and in fact had spoken with him while he was in jail. She told him she had not been contacted about testifying and claimed she would have appeared to testify had she been contacted.

Both Rosie Scott and Jasper Rucker testified that they in fact did live at the residence where the subpoenas were sent but neither of them could recall ever having been contacted by trial counsel and claimed they did not receive subpoenas. After hearing this testimony, the trial court made a finding that trial counsel in fact had prepared the subpoenas properly addressed and delivered them to the Marion County Sheriff. The court further found that trial counsel had in all respects rendered effective representation of appellant. This Court will not reweigh evidence nor judge

the credibility of witnesses. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

■ Appellant claims the trial court erred in finding that it was precluded from addressing the issue of ineffective assistance of trial counsel because the issue was not presented by separate counsel on appeal. Although the trial court in fact did make such a finding, the court nevertheless proceeded to examine and pass on the evidence making a determination as above set out that trial counsel in fact did render effective service. Thus the question of a waiver becomes moot.

■ The post-conviction relief hearing judge was justified in his finding that counsel had rendered effective service. Counsel filed a motion to produce and a motion to suppress and appeared at the hearings on his motions. The record shows the delivery of the subpoenas to the sheriff as above set out. Counsel also filed a motion in limine and at trial vigorously cross-examined the witnesses produced by the State. A motion to correct error was prepared properly and timely filed.

We would further point out that, as found by the post-conviction relief judge, appellant in fact had confessed shortly after his arrest to the commission of the crime. The record discloses a knowledgeable and vigorous defense of appellant in his original trial. The trial court did not err in denying appellant post-conviction relief.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.