**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**JUSTIN WOODHOUSE**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUSTIN WOODHOUSE, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 56A04-1105-CR-324 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE NEWTON SUPERIOR COURT
The Honorable Daniel J. Molter, Judge
Cause No. 56D01-0108-FA-8

**February 7, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Justin Woodhouse appeals the trial court's denial of his motion to dismiss the State's notice of a probation violation. Woodhouse raises three issues for our review, which we consolidate and restate as whether the trial court erred when it denied his motion to dismiss. We dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

On July 9, 2002, the trial court sentenced Woodhouse to seventeen years, with two years suspended to probation, after Woodhouse pleaded guilty to residential burglary, as a Class B felony. Following his release from incarceration, on June 11, 2010, the State filed a petition for revocation of Woodhouse's probation based on Woodhouse's arrest for new criminal offenses.

On February 10, 2011, Woodhouse, while in jail on the new criminal charges, filed a motion to dismiss the State's petition for the revocation of his probation. In relevant part, Woodhouse stated that he "has been available since November 11th[,] 2010[,] to resolve this matter," even though he "has been continuously incarcerated since August 1st[,] 2010." Appellant's App. at 19. Woodhouse then claimed that the petition should be dismissed due to the State's failure to timely prosecute him. Woodhouse further alleged that the pending motion resulted in a hold being placed on him, which, in turn, prevented him from participating in various lower-security forms of sentencing. Notably, Woodhouse also admitted to the State's alleged violations. See id. at 18.

That same day, the trial court entered an order denying Woodhouse's motion to dismiss. However, thereafter Woodhouse filed a motion to set a hearing date on his

2

request and admitted to the alleged probation violation.  On February 28, 2011, the court entered an order on Woodhouse's motion to set a hearing date.  In relevant part, the court stated that it "takes . . . Defendant's admission of violation under advisement until such time as the Defendant has completed the sentence for which [he] is currently incarcerated."  Id.  On April 27, 2011, Woodhouse filed another verified motion to dismiss the petition to revoke his probation on the same grounds as his original motion to dismiss.  The trial court denied Woodhouse's motion the same day.  This appeal ensued.

## DISCUSSION AND DECISION

Woodhouse appeals the trial court's denial of his motion to dismiss the State's petition for the revocation of his probation.  We review such motions for an abuse of discretion.  See Wilkerson v. State, 918 N.E.2d 458, 464 (Ind. Ct. App. 2009).  An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.  Id.

As an initial matter, we must note that Woodhouse does not appeal from a final judgment but from an interlocutory order.  However, Woodhouse did not seek certification of that order for a discretionary interlocutory appeal either from the trial court or from this court.  See Ind. Appellate Rule 14(B).  We also note that the State fails to mention this fact in its Appellee's brief.  Without certification, we are without jurisdiction to hear Woodhouse's arguments and we must dismiss his appeal.

Nevertheless, in the interest of judicial economy, we will briefly address Woodhouse's arguments.  On appeal, Woodhouse raises three arguments.  First, he asserts that "[p]robation and parole are virtually identical" and, therefore, he was entitled

3

to a preliminary hearing "without unnecessary delay" pursuant to Indiana Code Section 11-13-3-9(a). Appellant's Br. at 10. Second, but relatedly, Woodhouse asserts that the delay violated his federal constitutional right to a speedy trial. Third, Woodhouse contends that the delay in holding a hearing on the State's petition violated Woodhouse's state and federal constitutional due process rights.

Woodhouse's arguments are not well taken. Probation revocation hearings are court proceedings. Parole revocation, by contrast, is heard and determined by the parole board, not a court. Indiana Code Section 35-38-2-3 expressly applies to probation hearings, unlike Section 11-13-3-9, and provides that "[t]he issuance of a summons or warrant tolls the period of probation until the final determination of the charge." The statute does not require that the trial court hold its hearing or reach its final determination within a certain time period.

This is not to say, however, that the trial court's timeframe for hearing the State's petition to revoke probation is unfettered. The Sixth Amendment's requirement for speedy trials applies to state probation hearings. Wilburn v. State, 671 N.E.2d 143, 148 (Ind. Ct. App. 1996), trans. denied. That requirement is expressed by the balancing test of Barker v. Wingo, 407 U.S. 514 (1972), which considers the length of the delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant. See Wilburn, 671 N.E.2d at 148. The conduct of both the prosecution and the defendant are weighed. Id. Not any one of the four factors is either a necessary or sufficient condition to the finding of a deprivation of the right of a speedy trial. Id.

4

Rather, they are related factors which must be considered together with such other circumstances as may be relevant. Id.

Here, the relevant consideration is that Woodhouse cannot demonstrate prejudice. His conditional release from prison had been a favor, not a matter of grace. See id. Further, the probation violation is not disputed. See Appellant's App. at 18. As such, a delay by the trial court in sanctioning Woodhouse for his probation violation will not risk the loss of evidence or otherwise impair Woodhouse's defense. And Woodhouse's only claim of prejudice, that he has been denied the opportunity for less restrictive forms of incarceration, such as work release or home detention, due to the hold placed on him by the pending notice of probation revocation is speculation. Woodhouse has not shown that he would be a likely candidate for any of those programs were it not for the hold, given his extensive criminal history and repeated probation violations.

Neither does the delay invoke Woodhouse's due process rights. As our Supreme Court has made clear, the due process rights to which a probationer is entitled are:

> (a) a written notice of the claimed violations, (b) disclosure of the evidence against [him], (c) the opportunity to be heard in person and present witnesses and evidence, (d) the right to confront and cross-examine witnesses, (e) a "neutral and detached" hearing body, and (f) a written statement by the factfinder regarding the evidence relied upon and reason for revocation.

Woods v. State, 892 N.E.2d 637, 640 (Ind. 2008). Those rights do not apply to Woodhouse's claims here, and, therefore, his argument on this issue must fail.

In sum, if we were to decide this case on its merits we would hold that the trial court acted within its discretion when it took the State's petition under advisement until Woodhouse has served his current, unrelated sentence. There is no dispute that

5

Woodhouse committed the alleged violation during the probationary period, and, therefore, there is no risk that Woodhouse will lose valuable evidence or that his defense will otherwise be impaired. Nonetheless, we must dismiss Woodhouse's appeal for having failed to certify an interlocutory order.

Dismissed.

ROBB, C.J., and VAIDIK, J., concur.