Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 16 2012, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID M. PAYNE**
Ryan & Payne
Marion, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| WILLIAM EMRY, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 27A02-1204-CR-274 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Dana J. Kenworthy, Judge Pro Tempore
Cause No. 27D02-1104-FB-86

**November 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

William Emry appeals the trial court's revocation of his probation. He contends that there is insufficient evidence that he violated his probation by committing another crime. Because we determine that there is sufficient evidence that Emry violated his probation based on his guilty plea, we affirm.

**Facts and Procedural History**

On June 6, 2011, Emry pled guilty to Class B felony dealing in a controlled substance. The trial court sentenced Emry to ten years, with six years executed on the Grant County Community Corrections Home Detention program and four years suspended to probation. Emry signed the rules of probation, which required him not to commit another offense while on probation.

On August 3, 2011, while Emry was on probation, he was riding in a vehicle and threw a cup out the window. Wabash County Sheriff's Department Officer Benjamin Mota conducted a traffic stop for littering. During the traffic stop, Officer Mota testified that Emry made "several furtive movements" and appeared to be very nervous. Tr. p. 19. Officer Mota searched the vehicle and discovered marijuana under the passenger-side seat. The State charged Emry with Class D felony possession of marijuana, and Emry pled guilty under oath. Appellant's App. p. 53.

The State filed a petition to revoke Emry's probation based on his commission of another criminal offense. *Id.* at 46-47. At the probation-violation hearing, Emry admitted he understood the terms of his probation, had been arrested and pled guilty to possession of marijuana, and had been informed that his guilty plea could adversely

2

affect his probation. Tr. p. 31. However, Emry also testified that he had lied when he had previously pled guilty to possession of marijuana. *Id.* at 30-31. Despite that testimony, the trial court held that Emry had violated his probation, stating

> Defendant violated the terms of his probation. The time to challenge the facts of the new criminal case was in Wabash. You swore under oath that you were guilty of that offense and then you swore under oath here that you're not guilty of that offense. Even looking at that we have a crime because you swore under oath and told a lie in one Court or the other, so either way you look at this, you've violated your probation.

*Id.* at 34.

The trial court revoked Emry's probation and ordered him to serve the remainder of his ten-year sentence at the Department of Correction. Emry now appeals.

**Discussion and Decision**

A probation-revocation hearing is civil in nature, and the State need only prove the alleged violations by a preponderance of the evidence. *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999), *reh'g denied*. It is well settled that violation of a single condition of probation is sufficient to revoke probation. *Wilson v. State*, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999). If the court finds that the probationer has violated a condition of his probation at any time before the termination of the probationary period and the petition to revoke is filed within the probationary period, then the court may order execution of the sentence that had been suspended. *Wilburn v. State*, 671 N.E.2d 143, 147 (Ind. Ct. App. 1996), *trans. denied*; *see also* Ind. Code § 35-38-2-3(g)(3) ("If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or

3

more of the following sanctions: . . . (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.").

In addition, when reviewing the sufficiency of the evidence to revoke probation, we consider only the evidence most favorable to the judgment without reweighing that evidence or judging the credibility of the witnesses. *Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008). If there is substantial evidence of probative value to support the trial court's decision that a probationer has violated any terms of probation, the reviewing court will affirm its decision to revoke probation. *Id.* at 639-40.

Looking at the facts most favorable to the judgment, Emry pled guilty to and was convicted of possession of marijuana while he was on probation. Tr. p. 31. He was aware that this was a probation violation, but he still pled guilty knowingly and voluntarily. *Id.* Emry also makes no argument that the factual basis for his guilty plea was insufficient or that his admission was equivocal in any way. Ind. Code § 35-35-1-3(a), (b).

Emry's contention that there is insufficient evidence that he violated probation as a result of his testimony that he lied during his guilty plea is an attempt to have us reweigh the evidence, which we will not do. The trial court did not err in finding that Emry violated his probation by committing another crime. We therefore affirm the trial court's revocation of Emry's probation and the order that he serve the balance of his previously suspended ten-year sentence.

Affirmed.

MATHIAS, J., and BARNES, J., concur.