**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT SMALL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A04-1301-CR-38 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48D01-0703-FB-39

**September 3, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Robert Small appeals the trial court's revocation of his probation. Small contends that the trial court abused its discretion by revoking the entirety of his four-year suspended sentence. Because Small violated his probation previously and has committed even more serious violations, including Class A misdemeanor battery and Class A misdemeanor invasion of privacy, we affirm the revocation of his probation.

**Facts and Procedural History**

In February 2008, the State and Small entered into a plea agreement whereby Small would plead guilty as charged to Class B felony arson, Class D felony arson, Class B felony burglary, and two counts of Class D felony theft. Appellant's App. p. 25. In March 2008, the trial court sentenced Small to twelve years for each Class B felony and two-and-a-half years for each Class D felony, to be served concurrently. The trial court ordered Small to serve four years in the Department of Correction (DOC), two years on work release, and six years suspended to probation.

In December 2010, the probation department filed a notice of violation of probation/suspended sentence, asserting that Small failed to complete work release successfully. In January 2011, the trial court held an evidentiary hearing at which Small admitted that he failed to complete his work release successfully. The trial court revoked Small's work release and ordered two years of his previously suspended sentence to be executed at the DOC. The original terms and conditions of probation remained in effect.

On January 2, 2013, the probation department filed an Amended/Corrected Notice of Violation of Probation/Suspended Sentence ("Notice") against Small. The Notice

alleged that Small violated the terms of his probation by committing Class A misdemeanor domestic battery, failing to pay probation and administrative fees, committing Class A misdemeanor invasion of privacy, operating a motor vehicle without ever having obtained a license to do so, consuming alcohol during probation, and violating his curfew. *Id.* at 58-59.

The trial court held an evidentiary hearing at which Small admitted that he operated a motor vehicle without ever having obtained a license to do so and was arrears in his payment of probation fees. The trial court also found that Small violated his probation by committing Class A misdemeanor domestic battery and Class A misdemeanor invasion of privacy. The court explained its reasoning for imposing sanctions by stating:

> Mr. Small the, the Court is revoking your probation primarily because of your criminal conduct and not at all because of your fees or your operating without a license, although operating without a license is a bigger issue than fees. But the, the main reason your probation is being revoked is I simply don't believe your girlfriend's story about the battery and the invasion of privacy. I believe those happened just like the State's evidence suggests.

Tr. p. 55. Accordingly, the court revoked Small's probation and imposed his previously suspended four-year sentence, to be served in the DOC.

**Discussion and Decision**

Small contends that the trial court abused its discretion by revoking the entirety of his four-year suspended sentence. We disagree.

Once a trial court has exercised its grace by ordering probation rather than incarceration, "the judge should have considerable leeway in how to proceed." *Prewitt v.*

3

*State*, 878 N.E.2d 184, 187 (Ind. 2007). If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation. *Id.* Accordingly, a trial court's sentencing decision for a probation violation is reviewable using the abuse-of-discretion standard. *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

Probation violation is a two-step process. First, the court must determine that a violation of a condition of probation actually occurred. If a violation is proven, then the trial court must decide whether the violation warrants revocation of the probation. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008).

"The court may revoke a person's probation if: (1) the person has violated a condition of probation during the probationary period . . . ." Ind. Code § 35-38-2-3(a). It is well settled that a violation of a single condition of probation is sufficient to revoke probation. *Wilson v. State*, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999).

If the court finds that the probationer has violated a condition of his probation at any time before the termination of the probationary period, then the court may order execution of the sentence that had been suspended. *Wilburn v. State*, 671 N.E.2d 143, 147 (Ind. Ct. App. 1996), *trans. denied*; *see also* Ind. Code § 35-38-2-3(h)(3).

On appeal, Small does not contest that he violated his terms of probation; instead, he argues that the trial court abused its discretion by ordering the entire suspended sentence to be executed at the DOC. He claims that he should have been given an

4

opportunity to work with the probation department, particularly as to domestic-violence issues.

The trial court did not abuse its discretion in imposing the entire suspended sentence. This was Small's second major violation of the terms and conditions of his probation. His first major probation violation occurred in January 2011 when he admitted to failing to complete his work release successfully. The trial court revoked Small's work release and ordered two years of the previously suspended sentence executed.

After he was released, Small continued his pattern of violating the terms and conditions of his probation by operating a motor vehicle without ever having been licensed to do so and by not paying his probation fees. Small also committed Class A misdemeanor domestic battery and Class A misdemeanor invasion of privacy violation by violating a protective order. In imposing sanctions, the trial court stated that, "the Court is revoking your probation primarily because of your criminal conduct and not at all because of your fees or your operating without a license . . . ." Tr. p. 50. Small's violations have escalated from failing to pay fines to serious and violent crimes. Based on the fact that this was his second violation and that he continued to violate probation, we cannot say that the trial court abused its discretion by imposing the balance of Small's four-year previously suspended sentence.

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.

5