## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 13 2020, 8:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Clayton Frazier, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | July 13, 2020 <br><br> Court of Appeals Case No. <br> 20A-CR-255 <br><br> Appeal from the <br> Madison Circuit Court <br><br> The Honorable <br> Mark Dudley, Judge <br><br> Trial Court Cause No. <br> 48C06-1710-F5-2565 |

**Vaidik, Judge.**

# Case Summary

[1] Clayton Frazier appeals the trial court's order finding that he violated probation and requiring him to serve three years in the Department of Correction. We affirm.

# Facts and Procedural History

[2] In September 2016, J.B., the mother of Frazier's child, obtained a protective order prohibiting Frazier from contacting her for a period of two years. The next year, Frazier violated the order and pled guilty to two counts of invasion of privacy (one Level 6 felony and one Class A misdemeanor) in Case No. 48C06-1703-F5-779 ("F5-779"). While Frazier was awaiting sentencing in F5-779, he broke into a store and stole a gun. As a result, the State filed the charges in this case: Level 4 felony unlawful possession of a firearm by a serious violent felon, Level 5 felony burglary, and Level 6 felony theft of a firearm. Frazier pled guilty to those charges in April 2018. On May 23, 2018, the trial court held a joint sentencing hearing for this case and F5-779. In this case, the court imposed a sentence of nine years, with three years to serve in the Department of Correction and six years suspended to probation. In F5-779, the court ordered Frazier to serve two years at the Madison County Work Release Center, consecutive to the sentence in this case, and to have no contact with J.B.

[3] Between May 2018 and June 2019, Frazier sent numerous letters to J.B. Alleging that the letters violated the no-contact order in F5-779, the State filed

new felony stalking and invasion-of-privacy charges against Frazier, *see* Case No. 48C06-1909-F5-2227, and also filed a Notice of Violation of Suspended Sentence in this case. The new criminal case is still pending (it is currently scheduled for trial in January 2021), but the trial court held the final hearing in the probation matter in January of this year. The court found that Frazier violated probation by committing invasion of privacy and ordered him to serve three of the six suspended years in the Department of Correction.

[4] Frazier now appeals.

# Discussion and Decision

[5] Frazier frames his appeal as raising one issue: "Was the sanction of revocation to DOC an abuse of discretion[?]" Appellant's Br. p. 4. However, the body of his brief seems to include two different arguments. First, Frazier contends that the letters to J.B. were "benign" and that therefore the trial court should have either found no violation of the no-contact order or imposed no probation sanction. *Id.* at 7. Alternatively, he argues that the court "failed to recognize it had discretion" to choose not to impose a sanction. *Id.* Both arguments are without merit.[1]

---

[1] Frazier also asserts that the trial court interpreted the no-contact order in F5-779 as prohibiting him from having contact with his child and that such a prohibition is "improper." Appellant's Br. p. 7. He does not cite anything in the record to support his claim. And, in any event, the letters at issue were written and sent to J.B., not to her and Frazier's child. *See* Exs. 2-9.

[6] In support of his argument that the letters were "benign," Frazier points out that they "contained no threats against J.B. or her children," that they "informed" J.B. that Frazier was filing a paternity action, that Frazier sent J.B. "negative tests results for HIV he had received," that Frazier "requested information about their child and pictures of it and [J.B.]," and that "[h]e also apologized for his past action." *Id.* The State disputes Frazier's characterization of the letters, asserting that they "included a number of claims or phrases that could be viewed as frightening." Appellee's Br. p. 10. But the content of the letters is ultimately irrelevant to our review. As the trial court explained, "no contact" means just that—no contact. *See* Tr. pp. 56, 57. Sending the letters was an obvious violation of the no-contact order, was criminal, and was sufficient to warrant a probation sanction. *See Wilburn v. State*, 671 N.E.2d 143, 147 (Ind. Ct. App. 1996) ("The trial court may revoke probation for the mere commission of a criminal offense during the probationary period which the State has properly established by a preponderance of the evidence."), *trans. denied*.

[7] We also reject Frazier's alternative argument that the trial court "failed to recognize" that it had the option of imposing no sanction for the probation violation. *See Sullivan v. State*, 56 N.E.3d 1157, 1160 (Ind. Ct. App. 2016) (explaining that the trial court must determine if a probation violation "warrants revocation of the probation"). He cites the following statement the trial court made in imposing the sanction:

> Um, no contacts are that. They're no contacts. It's not no
> contact, but if it's uh uh innocuous contact, well we won't care

about, or if it's a contact and it's a medium threat, well maybe we'll worry about it. If it's a contact with a serious threat, no now we're gonna worry about it. No, it's a bright line. No contact is no contact and that's how I approach it and he clearly violated no contact multiple times. And again, I don't really care if it's innocuous, medium, or s- serious, it's a contact and he he knows better. He's- that's why he was sentenced in [F5-779]. And so, the court's sanction is to revoke three (3) years to the Department of Corrections of the six (6).

Tr. pp. 56-57. Nothing in that statement indicates that the trial court believed it was **required** to impose a sanction. Rather, the court was simply explaining—correctly—that the letters violated the no-contact order regardless of their content. In short, it is clear to us that the court imposed a sanction because it concluded that a sanction was appropriate, not because it thought it had no other choice.[2]

[8] Affirmed.

May, J., and Robb, J., concur.

---

[2] Frazier does not argue that three years is an excessive sanction for his probation violation. He argues only that the trial court should not have imposed any sanction at all. Regardless, given Frazier's brazen commission of a new criminal offense shortly after being sentenced, the trial court did not abuse its discretion by ordering him to serve half of his suspended time. *See Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005) ("[W]e review a trial court's decision to revoke probation and a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion."), *trans. denied*.