Michael GEBHARD,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–683A187.

Court of Appeals of Indiana,
First District.

Jan. 23, 1984.

George C. Barnett, Jr., Barnett & Barnett, Evansville, for defendant-appellant.

Linley E. Pearson, Atty. Gen. of Indiana, John D. Shuman, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Defendant-appellant Michael Gebhard was found guilty of disorderly conduct, a Class B misdemeanor, by a jury in Vanderburgh Circuit Court on February 11, 1983. Gebhard was sentenced to 180 days in the Vanderburgh County jail, but the sentence was suspended to probation on the condition that he refrain from carrying or possessing any firearms except at specified times. He was also ordered to perform community service work. Gebhard now appeals the disorderly conduct conviction.

We reverse and remand with instructions to set aside the conviction and to dismiss the charge.

## STATEMENT OF THE FACTS

Gebhard's conviction stems from a fracas which occurred on November 2, 1982 at his girlfriend's apartment complex, the result of which found the appellant shot twice by an Evansville policeman who had been called to the scene.

Originally, Gebhard was charged by information with criminal recklessness, a Class D felony. This charge was subsequently dismissed, and the State then filed Count II (resisting law enforcement) and Count III (disorderly conduct) on January 25, 1983. Count III, State's Amended Information, stated in total:

"On or about November 2, 1982, in Vanderburgh County, Indiana, the Defendant, Michael Gebhard, did knowingly engage in tumultuous conduct, all in violation of I.C. 35–45–1–3(1)."

On February 4, 1983, Gebhard filed an amended motion to dismiss Count III on grounds of insufficiency and vagueness; the motion was overruled. A few days later, Gebhard filed a memorandum in support of the motion to dismiss, and a hearing was held. The motion was denied. At the trial's conclusion on February 9th, the jury did not find Gebhard guilty of Count II, but it did convict him of disorderly conduct.

## ISSUES

Gebhard presents the following issues on appeal:

I.  Whether the trial court erred in overruling Gebhard's motion to dismiss the Amended Information for Count III for failure to state facts and circumstances with sufficient precision so as to apprise defendant-appellant of the charge against him;

II. Whether the language of the disorderly conduct statute; to-wit, "knowingly engage in tumultuous conduct", is impermissibly and unconstitutionally vague.

## DISCUSSION AND DECISION

*Issue I: Insufficient Information.*

Safeguards pertaining to the sufficiency of the information are provided by both the Indiana Constitution and our state statutes. A defendant has a constitutional right to be informed of the nature and cause of a criminal accusation against him. IND.

CONSTIT. Art. I, Sec. 13. Concurrently, Indiana statutory law sets forth the formalities of commencement of prosecution (IND.CODE 35-34-1-1) as well as the form and requisite content of an indictment or information. IND.CODE 35-34-1-2. The latter provision requires in part that an indictment shall be "a plain, concise, and definite written statement of the essential facts constituting the offense charged". IND.CODE 35-34-1-2(d). However, several recent decisions construing the above-cited statutory provisions have proven more lenient, allowing for less specificity in criminal proceedings unless the indictment is so uncertain and indefinite that the nature of the charge cannot be ascertained. *Blackburn v. State*, (1973) 260 Ind. 5, 291 N.E.2d 686 (appeal dismissed, 412 U.S. 925, 93 S.Ct. 2755, 37 L.Ed.2d 152); *Gilman v. State*, (1979) 180 Ind.App. 483, 389 N.E.2d 327; *Wilson v. State*, (1975) 164 Ind.App. 665, 330 N.E.2d 356. Yet "the defendant must be given sufficient information to enable him to prepare his defense and to assure that he will not twice be put in jeopardy for the same crime". *Blackburn, supra,* 260 Ind. at 11, 291 N.E.2d 686.

■ Usually an information is sufficient if it tracks the language of the statute defining the offense to be charged. *Merry v. State*, (1975) 166 Ind.App. 199, 335 N.E.2d 249. However, when the statute defines the crime in general terms, then the information must specify the facts and circumstances which inform the accused of the particular offense "coming under the general description with which he is charged". *Hamling v. United States*, (1973) 418 U.S. 87, 117–118, 94 S.Ct. 2887, 2907–08, 41 L.Ed.2d 590, citing *United States v. Hess*, (1888) 124 U.S. 483, 8 S.Ct. 571, 31 L.Ed. 516. *See State v. Bridgewater*, (1908) 171 Ind. 1, 85 N.E. 715; *Wilson, supra.*

A recent Indiana Supreme Court decision exemplifies the above point of law. In *Griffin v. State*, (1982) Ind., 439 N.E.2d 160, Jimmy Griffin was charged with (and ultimately convicted of) theft-receiving stolen property. The information on which the defendant was tried simply stated that on December 6, 1980, in Rush County, Indiana, Griffin did knowingly receive the property of another person that had been the subject of theft and that this act constituted the felony of receiving stolen property. *Griffin, supra,* at 161. The Indiana Supreme Court determined that the information was totally inadequate:

"The first four counts of the original information described the stolen property and named the owners of the stolen goods, but the amended information alleged only that the defendant knowingly received stolen property. There was no description of the property at all or any indication as to the identities of the rightful owners.... [T]he fact remains that the defendant was tried on a charge which was totally inadequate in informing him about what he should defend against and his conviction also places him in jeopardy should he be tried again for these crimes because this Court cannot determine, from the information, what was the property that defendant received as stolen goods."

*Griffin, supra,* at 162.

State urges that *Griffin* can be distinguished from the case at hand, because in the former decision, "the potential exists for a confusing and misleading situation in which a defendant may unfairly not know what piece of property he is accused of possessing in violation of the statute". Appellee's brief, pp. 4–5. Conversely, continues the argument, the offense of tumultuous conduct violative of the disorderly conduct statute is "not subject to the same likelihood of confusion so as to imperil defendant in preparing his defense". *Id.* at 5.

We believe the State is creating a distinction without a difference here. Indeed, an information which merely charges the defendant with tumultuous conduct on a certain date, as in the instant case, is arguably even more inadequate than the indictment in the *Griffin* decision.

"Tumultuous conduct" is defined in IND. CODE 35-45-1-1 as "conduct that results

in, or is likely to result in, serious bodily injury to a person or substantial damage to property". The definition itself illuminates the glaring deficiencies of the information in Gebhard's case: "tumultuous conduct" encompasses a large realm of activity which is potentially prohibited. Count III does not specify whether Gebhard's conduct endangered a person or property nor does it indicate *which* of his activities on November 2nd fell within the range of prohibited conduct. "Tumultuous conduct" is precisely the type of generic charge which requires additional facts and circumstances in order to fully apprise the defendant of the nature of the offense with which he is charged. *See Bridgewater, supra,* 171 Ind. at 4, 85 N.E. 715.

The instant case is analogous to *Griffin:* the problem with *Griffin* information, among other things, was that it did not "adequately describe the charge so that he [the defendant] could plead [the] present conviction should he subsequently be charged with receiving the *same* property". *Griffin, supra,* at 161 (our emphasis). Correspondingly, because the act which was the basis for the tumultuous conduct charge was not described, Gebhard ran the risk of twice being put in jeopardy for the same crime. Such a risk is ample demonstration that the inadequate information has prejudiced or misled him in the preparation of a defense. *Poindexter v. State,* (1978) 268 Ind. 167, 374 N.E.2d 509; *Gubitz v. State,* (1977) 172 Ind.App. 343, 360 N.E.2d 259; *Gilman, supra.*

The trial court erred in denying Gebhard's motion to dismiss Count III. The trial court is accordingly ordered to set aside defendant-appellant's conviction and to dismiss the charge.

*Issue II: Constitutionality.*

Gebhard argues that the tumultuous conduct provision of IND.CODE 35–45–1–3 statute is impermissibly and unconstitutionally vague.

Defendant-appellant acknowledges that the decision of *Hess v. State,* (1973) 260 Ind. 427, 297 N.E.2d 413 (rev'd. on other grounds, 414 U.S. 105, 94 S.Ct. 329, 38 L.Ed.2d 303) upheld the constitutionality of the disorderly conduct statute. The *Hess* court stated that "a statute is not unconstitutional as vague if it is capable of intelligent construction and interpretation by persons who possess only ordinary comprehension, if its language conveys an adequate description of the prohibited evil". *Hess, supra,* at 415 (citations omitted). However, Gebhard points out that the disorderly conduct statute has been amended since the *Hess* decision: he asserts that the revised statute differs substantially from the former version and as such is "vague, imprecise, confusing and fails to limit its application to matters properly within the scope of criminal sanctions". Appellant's brief, pp. 37.

Because we find that the trial court erred in failing to grant Gebhard's motion to dismiss the State's amended information for Count III, it is unnecessary for us to go on to discuss the merits of defendant-appellant's second issue. *Hubbard v. Whitham,* (1972) 151 Ind.App. 243, 279 N.E.2d 232.

Judgment reversed and remanded with instructions to the trial court to set aside Gebhard's disorderly conduct conviction and to dismiss the charge.

Judgment reversed and remanded with instructions.

ROBERTSON and RATLIFF, JJ., concur.