Louis F. MORAN, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–1184A295.

Court of Appeals of Indiana,
First District.

April 18, 1985.

Jack Rogers, Rogers & Gesse, Franklin,
for defendant-appellant.

Linley E. Pearson, Atty. Gen. of Ind., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

This is an interlocutory appeal challenging the trial court's refusal to dismiss an indictment charging official misconduct. We reverse.

## FACTS

Louis Moran, the street commissioner for the City of Franklin, was indicted on May 15, 1984, on four counts of official misconduct. The pertinent portion of the indictment is as follows:

"The Grand Jury of Johnson County, ... on their oath present that during the month of June, 1982, in the County of Johnson, State of Indiana, Louis F. Moran, a public servant, to-wit: the Street Commissioner for the City of Franklin, Indiana, did knowingly perform an act he was forbidden by law to perform, to-wit: the improper sale or exchange of a certain Caterpillar 'crawler-loader' or 'hi-lifter' which was the property of the City of Franklin and with said sale or exchange made in contravention of IC 36–1–11–6(b), all of which is contrary to the form of the statute in such case, made and provided, and against the peach [sic] and dignity of the State of Indiana.

"The Grand Jury of Johnson County, ... on their oath present that during the month of June, 1983, in the County of Johnson, State of Indiana, Louis F. Moran, a public servant, to-wit: the Street Commissioner for the City of Franklin, Indiana, did knowingly perform an act he was forbidden by law to perform, to-wit: the improper sale or exchange of a certain Peerless gas-fired heater which was the property of the City of Franklin and with said sale or exchange made in contravention of IC 36–1–11–6(c), all of which is contrary to the form of the statute in such case, made and provided,

and against the peace and dignity of the State of Indiana.

"The Grand Jury of Johnson County, ... on their oath present that during the month of December, 1982, in the County of Johnson, State of Indiana, Louis F. Moran, a public servant, to-wit: the Street Commissioner for the City of Franklin, Indiana, did knowingly perform an act he was forbidden by law to perform, to-wit: the improper sale or exchange of a certain belt-driven floor mounted drill press which was the property of the City of Franklin and with said sale or exchange made in contravention of IC 36–1–11–6(c), all of which is contrary to the form of the statute in such case, made and provided, and against the peace and dignity of the State of Indiana.

"The Grand Jury of Johnson County, ... on their oath present that on or about the 10th of September, 1982, in the County of Johnson, State of Indiana, Louis F. Moran, a public servant, to-wit: the Street Commissioner for the City of Franklin, Indiana, did knowingly perform an act he was forbidden by law to perform, to-wit: the improper contracting with Barger Brothers Construction Company for a certain public works project in the City of Franklin namely the extension of the Branigin Road sewer line in contravention of IC 36–1–12–5, all of which is contrary to the form of the statute in such case, made and provided, and against the peace and dignity of the State of Indiana."

Record at 2–5. Moran moved to dismiss the indictment but his motion was overruled. He now appeals.

## ISSUES

Due to our decision we have stated the issues presented as follows:

1. Whether the indictment failed to state facts sufficient to constitute a criminal offense.

2. Whether the indictment stated facts sufficient to inform the defendant of his acts deemed criminal by the state.

## DISCUSSION AND DECISION

*Issue One*

Moran first argues that the information in the indictment, even if true, does not constitute crimes under Indiana law. Each count charges Moran with official misconduct which is defined in Indiana Code section 35–44–1–2(1) as follows: "A public servant who (1) knowingly or intentionally performs an act that he is forbidden by law to perform commits official misconduct, a class A misdemeanor." The act allegedly performed by Moran was the improper sale or exchange of three pieces of personal property. Moran is charged with disposing of a Caterpillar crawler-loader in contravention of Indiana Code section 36–1–11–6(b). He is also charged with improperly disposing of a drill press and gas-fired heater in contravention of Ind.Code § 36–1–11–6(c). The final count alleges that, as street commissioner, Moran improperly awarded public works contracts in contravention of Indiana Code section 36–1–12–5. Moran argues that neither Ind.Code § 36–1–11–6 nor Ind.Code § 36–1–12–5 state conduct, the performance of which, is forbidden by law. He contends his alleged conduct constituted a failure to perform which is not official misconduct.

The failure to comply with a statutory duty can be prosecuted under the official misconduct provision. Moran argues such a failure is not criminal citing *State v. Pickett* (1981), Ind.App., 423 N.E.2d 717. In *Pickett*, the mayor of Brazil, Indiana, was charged with official misconduct for failing to comply with his statutory duty to enforce ordinances.[1] In fact, according to the indictment, the mayor had ordered suspension of the enforcement of the parking meter ordinance. This court held the mayor's action did not constitute a crime and in discussing the official misconduct statute we said:

"Subsection (1) is the provision upon which the state relies. That subsection prohibits the knowing or intentional *performance* of an act which the public servant is *forbidden* by law to perform. The information charges Pickett with the wilful, knowing, and intentional *failure* to enforce or to cause to be enforced the parking meter ordinance by *ordering* that the inspection of the parking meters and the enforcement of the ordinance be discontinued. Clearly, by itself the allegation that Pickett failed to enforce or cause to be enforced the ordinance would not state a crime under IC 35–44–1–2(1), because such failure would not constitute the performance of an act forbidden by law."

*Pickett* at 721. However, *Pickett* does not apply to the facts presented in this case.

Our basis for distinguishing *Pickett* relates to the difference between the mayor's statutory duty to enforce ordinances and Moran's duty as street commissioner. The Brazil mayor's duty was simply to enforce ordinances. Nothing in the statute, or any other law, sets out when, or how often, enforcement must take place. This, as well as the means used to enforce ordinances, are left to the mayor's discretion. On the other hand, Ind.Code § 36–1–11–6 not only imposes a duty on a public servant but details exactly how the duty is to be carried out.

"36–1–11–6. Sale or transfer of personal property—Procedure.—(a) A disposing agent who sells or transfers personal property must comply with this section, except as permitted by section 8[36–1–11–8] of this chapter. A disposing agent may sell personal property that:

(1) Has been left in the custody of an officer or employee of a political subdivision or agency and has remained unclaimed for more than one year; or

(2) Belongs to the political subdivision or agency but is no longer needed or is unfit for the purpose for which it was intended.

(b) If the personal property to be sold is:

---

1. Indiana Code section 18–1–6–2 recodified as Indiana Code section 36–4–5–3.

(1) One [1] item, with an estimated value of five hundred dollars [$500] or more; or

(2) More than one item, with an estimated total value of one thousand dollars [$1,000] or more;

the disposing agent shall sell the personal property at a public auction, conducted by an auctioneer licensed under IC 25–6.-1, after advertising the personal property for sale, in accordance with IC 5–3–1.

(c) If the personal property to be sold is:

(1) One [1] item, with an estimated value less than five hundred dollars [$500]; or

(2) More than one item, with an estimated total value less than one thousand dollars [$1,000];

the disposing agent may sell the property at public or private sale or transfer the property, without advertising. However, if the personal property is worthless, it may be demolished or junked."

Ind.Code § 36–1–12–5 contains language similarly mandatory and specific with regard to awarding public works contracts.

"36–1–12–5. Public work projects costing less than $25,000 (school corporation) or $15,000 (other political subdivisions)—Procedure.—(a) This section applies whenever a public work project is estimated to cost less than:

(1) Twenty-five thousand dollars [$25,-000], in the case of a school corporation; or

(2) Fifteen thousand dollars [$15,000], in the case of any other political subdivision.

(b) If a contract is to be awarded, the board may proceed under section 4 [36–1–12–4] of this chapter or under the following provisions:

(1) The board shall invite quotes from at least three [3] persons known to deal in the class of work proposed to be done by mailing them a notice stating that plans and specifications are on file in a specified office. The notice must be mailed not less than seven [7] days before the time fixed for receiving quotas [sic].

(2) The board may not require a person to submit a quote before the meeting at which quotes are to be received. The meeting for receiving quotes must be open to the public. All quotes received shall be opened publicly and real aloud at the time and place designated.

(3) The board shall award the contract for the public work to the lowest responsible and responsive quoter.

(4) The board may reject all quotes submitted.

(c) The board may purchase or lease materials in the manner provided in IC 36–1–9 [36–1–9–1—36–1–9–12] and perform the public work by its own work force without awarding a public work contract."

We hold the rationale in *Pickett* is inapplicable to the present case in light of the contrasting statutory duties. When a statute leaves much discretion to an elected official in determining how his duty is to be carried out, the exercise of such discretion cannot be prosecuted as official misconduct. *Pickett.* In contrast, where a well-defined, mandatory statute states the precise means to be used by a public servant in carrying out an official duty, his failure to comply with the provision may be prosecuted under the official misconduct statute. The allegation that Moran failed to comply with mandatory, statutory duties constituted the performance of acts forbidden by law and, therefore, charged him with criminal conduct.

*Issue Two*

█ Although we have found the indictment charges Moran with a crime, it is still subject to dismissal if it does not state the offense charged with sufficient certainty. Indiana Code section 35–34–1–4(a)(4); Ind. Const. art. 1 § 13. The accused has a right to require that the allegations contained in the charging instrument state the crimes charged with sufficient certainty to enable him to anticipate the evidence adduced against him at trial, thereby enabling him to marshal evidence in his defense. *Harwei, Inc. v. State* (1984), Ind.App., 459 N.E.2d 52, 56. The indictment must state the crime charged in direct and unmistak-

able terms. *Garcia v. State* (1982), Ind. App., 433 N.E.2d 1207; *Carter v. State* (1973), 158 Ind.App. 27, 301 N.E.2d 524. Any reasonable doubt as to the offense charged must be resolved in favor of the accused. *Garcia* at 1209.

■ We believe all four counts in the indictment fail the specificity test. Moran is charged with acting in contravention of two statutes. The language of these statutes, as we stated earlier, sets out a list of procedures to be followed. However, nothing in the indictment indicates which procedures were disregarded. Counts one, two, and three charge that Moran failed to comply with Ind.Code § 36–1–11–6. This provision requires an official to make an initial determination of the value of the property. Then, depending on this determination, he must follow either subsection (b) or (c) of the statute. Count one states only that a sale or exchange of a caterpillar "crawler-loader" was conducted in contravention of Ind.Code § 36–1–11–6(b). This subsection contains at least three distinct procedures to be followed. The property must be sold at a public auction. The sale must be advertised pursuant to statute. Finally, the auction must be conducted by a duly licensed auctioneer. Counts two and three charge a violation of Ind.Code § 36–1–11–6(c). This subsection includes alternative procedures for less expensive city-owned personal property. Although the property may be sold at a public auction, advertising is not necessary. Furthermore, the provision makes it permissible to sell the property at a private sale. Finally, the property may be demolished or junked if worthless. Without more specific language in the indictment it is impossible to determine the particular mandate described in the statute violated by Moran. Count four is even less specific since it does not restrict the allegations to a violation of any particular subsection in Ind.Code § 36–1–12–5. This provision lists a great number of technical procedures to be followed when awarding public contracts. Once again, it is impossible to determine the specific criminal conduct Moran is charged with under count four. Moran was entitled to a narrower description of his offense in each count.

It is neither fair nor reasonable to have Moran speculate, at his peril, as to the particular procedure or mandates he failed to follow. In *Gebhard v. State* (1984), Ind. App., 459 N.E.2d 58, we held that when a criminal statute defines a crime in general terms, the information must be more specific than merely tracking the language of the statute to inform the defendant of the particular offense which comes under the general definition. *Id.* at 60. This rationale is applicable to the present case. Although the statutes which form the basis of Moran's indictment are not in general terms, they contain a number of directives. Failure to follow any single directive could be the basis for the charge of official misconduct. Therefore, simply charging Moran with conduct which contravenes certain statutes, when each provision and subsection contain many directives is just as improper as using language from a statute which defines a crime in general terms when many different acts could fall within that general definition. We conclude that the indictment did not state the offenses with sufficient specificity to enable Moran to defend himself at trial. All four counts must be dismissed.

Judgment reversed and remanded.

NEAL, J., and ROBERTSON, J., concur.