937 N.E.2d 1259 (2010)
STATE of Indiana, Appellant-Plaintiff,
v.
Richard J. LAKER, Jr., Appellee-Defendant.
No. 24A04-0912-CR-736.
Court of Appeals of Indiana.
December 9, 2010.
Gregory F. Zoeller, Attorney General of Indiana, Cynithia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.
Richard J. Laker Jr., Edinburgh, IN, Appellee Pro Se.

*1260 OPINION
MAY, Judge.
The State appeals the grant of Richard Laker's motion to dismiss the charges against him.[1] We affirm.

FACTS AND PROCEDURAL HISTORY
On November 14, 2008, a Sheriff's Deputy found Laker intoxicated at the side of the road. Laker was trying to connect a cable to a Lexus so he could use a farm tractor to pull the Lexus out of a ditch. The State charged Laker with Class D felony operating a motor vehicle while privileges are suspended,[2] two counts of Class C misdemeanor operating a vehicle while intoxicated,[3] and Class D felony operating a vehicle while intoxicated with a prior conviction thereof.[4] Laker moved to dismiss all charges because the farm tractor was not a "motor vehicle" for the purposes of operating a motor vehicle while suspended, nor was it a "vehicle" for purposes of operating a vehicle while intoxicated. After a hearing, the trial court granted Laker's motion.

DISCUSSION AND DECISION
We review the grant of a motion to dismiss criminal charges for an abuse of discretion. Zitlaw v. State, 880 N.E.2d 724, 728-29 (Ind.Ct.App.2008). We reverse only where the decision is clearly against the logic and effect of the facts and circumstances. Id.
During the hearing on Laker's motion to dismiss, considerable argument was presented regarding the definition of the words "motor vehicle" and "vehicle." The trial court ultimately ruled on the motion, in part, as follows:
I think um, your process requires the Defendant be given notice of the crime or crime [sic] with which he is charged for purposes of preparing a defense, and this case, um, the affidavit for probable cause that was submitted to the Court and it was filed contemporaneously with these charges specifically refers to, again, a late, a red late sixties early seventies Massey Ferguson tractor model 1080, um, nowhere is there any indication or was there any other indication given to the court that wasn't the vehicle that was, um, the subject of Counts I, II, III, and IV.
(Tr. at 22.)[5]
The State argues that the charging information for Count I was sufficient to put *1261 Laker on notice of the crime with which he was charged. That information reads as follows:
Mark P. Fritz being duly sworn upon oath says that Richard L. Laker, Jr. on or about November 14, 2008, at said County of Franklin and State of Indiana, did then and there unlawfully, knowingly, or intentionally, operate a motor vehicle while his driving privileges were suspended pursuant to I.C. 9-30-10.
(App. at 6.) Laker asserted at the hearing the language in the information did not put him on notice that the State alleged he operated the Lexus, as the information did not specify any "vehicle," and all the other paperwork regarding the incident referred to the farm tractor. The State argues since a farm tractor is statutorily excluded from the definition of "motor vehicle," see n. 5, supra, Laker was on notice that the charging information alleged he was operating the Lexus. We cannot agree with the State.
Pursuant to the Indiana Constitution, Article 1, Section 13, a defendant has a constitutional right to be informed of the nature and cause of a criminal accusation against him. The purpose of an information or indictment is to provide the defendant with notice of the crime with which he is charged so that he is able to prepare a defense. Wisehart v. State, 693 N.E.2d 23, 63 (Ind.1998). Ind.Code § 35-34-1-2(a) requires an indictment or information set "forth the nature and elements of the offense charged in plain and concise language without unnecessary repetition." Long ago, our Supreme Court established that an indictment must not leave anything to intendment, for a crime cannot be charged by implication. Hewitt v. State, 86 N.E. 63, 64-65, 171 Ind. 283, 286-87 (1908).
When a statute defines a crime in general terms, the information "must specify the facts and circumstances which inform the accused of the particular offense coming under the general description with which he is charged." Gebhard v. State, 459 N.E.2d 58, 60 (Ind.Ct.App.1984) (quotations and citations omitted). Gebhard was charged with tumultuous conduct, and moved to dismiss based on inadequate description of his crime in the charging information. The trial court denied his motion, and we reversed. We held the State did not specify Gebhard's allegedly "tumultuous" conduct and, thus, Gebhard "ran the risk of twice being put in jeopardy for the same crime. Such a risk is ample demonstration that the inadequate information has prejudiced or misled him in the preparation of a defense." Id. at 61.
The instant case is similar to Gebhard because Laker's charging information for Count I merely quoted the statute, and did not specify whether he was alleged to have operated the farm tractor or the Lexus. *1262 Laker could not prepare a defense without that knowledge. That Laker moved to dismiss this charge on the ground a farm tractor was not a "motor vehicle" and because he was prohibited from operating while suspended demonstrates the information did not "specify the facts and circumstances which inform the accused of the particular offense coming under the general description with which he is charged." Id. at 60. Thus we cannot find the court erred by dismissing Count I.
The charging informations for Counts II, III, and IV were virtually identical in structure to Count I. Each reiterated the statute under which Laker was charged, but did not contain specific details of the alleged crime. Because those charges did not inform Laker whether he needed to defend against operating the Lexus or the farm tractor, the charges were deficient in the same way as the charging information for Count I.
Therefore, the trial court did not err in dismissing the charges against Laker, and we affirm.
Affirmed.
ROBB, J., concurs.
VAIDIK, J., concurs in result in part and dissents in part with opinion.
VAIDIK, Judge, concurring in result in part and dissenting in part.
I agree that the trial court properly dismissed Count I, operating while driving privileges are suspended, but I believe the remaining OWI charges were viable and should be reinstated.
According to allegations in the record, police spotted a white Lexus in a ditch off the side of the road in Franklin County. Officer Mark Fritz was dispatched to investigate. Officer Fritz found Laker at the scene hitching the Lexus to the back of a Massey Ferguson farm tractor. Laker told Officer Fritz that a friend had wrecked the Lexus and had asked him to tow it out. Officer Fritz discovered that Laker did not have a driver's license and that his driving privileges had been suspended. Officer Fritz also observed signs of intoxication, and a chemical breath test later indicated that Laker's blood alcohol concentration was .10. Laker was taken into custody. Officer Fritz checked Laker's driving record and noted a previous conviction for operating while intoxicated.
The State filed a four-count information against Laker. Count I alleged that Laker "on or about November 14, 2008, at said County of Franklin and State of Indiana, did then and there unlawfully, knowingly, or intentionally, operate a motor vehicle while his driving privileges were suspended...." Appellant's App. p. 6. Count II alleged that Laker "unlawfully operate[d] a vehicle ... with an alcohol concentration equivalent to at least eight-hundredths (.08) grams of alcohol...." Id. at 7. Count III alleged that he "operate[d] a vehicle while intoxicated," id. at 8, and Count IV alleged that Laker had a prior OWI conviction, id. at 9. None of the charges specified which of the two vehiclesthe farm tractor or the LexusLaker was alleged to have illegally operated.
Officer Fritz completed an affidavit of probable cause which was filed along with the charging information. Officer Fritz's affidavit described the subject vehicle as a "Red Late 60'sEarly 70's Massey Ferguson Tractor Model 1080." Id. at 10. In addition, Officer Fritz filled out two "information and summons" tickets which described the vehicle as a "Red" "71" "Massey Ferguson." Id. at 11.
Laker moved to dismiss the charges, and the trial court dismissed all four counts. The trial court found as follows:

*1263 I think um, your process requires the Defendant be given notice of the crime or crime with which he is charged for purposes of preparing a defense, and this case, um, the affidavit for probable cause that was submitted to the Court and it was filed contemporaneously with these charges specifically refers to, again, a late, a red late sixties early seventies Massey Ferguson tractor model 1080, um, nowhere is there any indication or was there any other indication given to the Court that wasn't the vehicle that was, um, the subject of Counts I, II, III, and IV, um, I do think that Count I should be dismissed because, I don't think there is any question that the Indiana Statu[t]es, um, specifically exempt persons who operate farm tractors requiring that they have a driver's license, there is nothing that I can find, or nothing that has been presented to the Court that would show that anybody that operates a farm tractor is required to have a driver's license and therefore, um, if you are operating a farm tractor it doesn't matter whether your driver's license is suspended for purpose of operating other motor vehicles, again, um, the Court did some research on the second issue of whether or not Counts II, III, and IV should be dismissed what the proper definition of vehicle is, and again the Indiana Judicial Center did some research and they came to the same conclusion that I did, that, that the way that the current statutes should be construed and the only case that is really on point is the State vs. Loveless case, which again, um, specifically refers to when, when deciding what is a vehicle for purposes of the O.W.I. statutes it directs this Court to look to Indiana Code 9-13-2-105, um, which is the motor vehicle definitional section, and it says, it, it, and it is surprising to this Court that a farm tractor would not be included, um, but the Indiana legislature has said, that a motor vehicle, it say[s] the term does not include a farm tractor, um, that statute in my opinion is in conflict a little bit with section 9-13-2-196, which interprets, which defines vehicle I think X-XX-X-XXX is more specific, as it specifically relates to a farm tractor, so the Court is going to grant Defendant's Motions to Dismiss Counts I, for the reason just explained, and Counts II, III, and IV, um, as well....
Tr. p. 21-22. In other words, the trial court found that the State's allegations were premised specifically on Laker's operation of the tractor, and that operation of a farm tractor could not sustain charges of either operating while driving privileges are suspended or operating while intoxicated.
There are now two issues before us on appeal: (I) whether the State's pleading materials were factually specific enough to apprise Laker of the charges against him and (II) if so, whether the facts alleged constitute criminal offenses.
The first issue is whether the State's pleadings were factually specific enough to apprise Laker of the charges.
A charging instrument must set forth, among other things, "the nature and elements of the offense charged in plain and concise language without unnecessary repetition." Ind.Code § 35-34-1-2(a). "The indictment or information shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Id. § 35-34-1-2(d). The purpose of a charging information is to provide a defendant with notice of the crime of which he is charged so that he is able to prepare a defense. Ben-Yisrayl v. State, 738 N.E.2d 253, 271 (Ind.2000), reh'g denied.
*1264 When a statute defines an offense in general terms, the information must specify the facts and circumstances which inform the accused of the particular offense coming under the general description with which he is charged. Gebhard v. State, 459 N.E.2d 58, 60 (Ind.Ct.App.1984); see also Griffin v. State, 439 N.E.2d 160, 162 (Ind.1982).
Yet as our Supreme Court has indicated, even where a charging information may lack appropriate factual detail, additional materials such as the probable cause affidavit supporting the charging instrument may be taken into account in assessing whether a defendant has been apprised of the charges against him. See Patterson v. State, 495 N.E.2d 714, 719 (Ind.1986); see also 5 Wayne R. LaFave et al., Criminal Procedure § 19.3(b) (3d ed. 2007) ("State courts generally have viewed specificity objections as tied simply to concerns of notice and therefore distinct in their procedural ramification from essential-element objections. Thus, they hold that the bill of particulars (or sometimes even other sources of notice) must be considered in assessing the needed degree of specificity in the charging instrument.... On appellate review ... the courts will look to discovery that was given (or could have been requested), and ask whether the defendant was actually taken by surprise, and if so, whether prejudice resulted.").
In my opinion, the State's pleading materials on the whole sufficiently apprised Laker of the State's charges and their factual predicate. The information does not specify which of the vehicles Laker is alleged to have been illegally operating, but the probable cause affidavit and summons tickets describe the subject vehicle as Laker's Massey Ferguson tractor. I agree with the majority that, given the unique circumstances alleged in this case, identifying the vehicle in the charging instrument would have been ideal. I would conclude, however, as the trial court impliedly did in its ruling, that the probable cause affidavit and summons tickets cure any purported omission and clarify that the State's charges are premised on Laker's farm tractor.
The remaining question is whether operation of a farm tractor can sustain the State's chargesi.e., whether the facts alleged constitute criminal offenses.
Indiana Code section 9-30-10-16 prohibits operation of a "motor vehicle" while driving privileges are suspended. Indiana Code section 9-13-2-105 provides that the term "motor vehicle" "does not include a farm tractor."
Indiana Code chapter 9-30-5 prohibits operation of a "vehicle" while intoxicated. A "vehicle" is "a device for transportation by land or air," Ind.Code § 9-13-2-196(e), and "in, upon, or by which a person or property is, or may be, transported or drawn upon a highway," id. § 9-13-2-196(a). Farm tractors are not excepted from the definition of "vehicle" for purposes of OWI. Cf. id. § 9-13-2-196(e). Moreover, our Supreme Court has previously found that the OWI statutes apply to the operation of all-terrain vehicles. See State v. Manuwal, 904 N.E.2d 657, 657 (Ind.2009).
As a farm tractor is not a "motor vehicle" for purposes of driving while privileges are suspended, I would find that the State has failed to allege facts constituting the offense of driving while privileges are suspended and that Count I was properly dismissed. But since a farm tractor is not excluded from the definition of "vehicle" for purposes of operating while intoxicated, I would find that the OWI counts are *1265 sustainable and that the trial court erred by dismissing them.
For these reasons I would affirm the trial court's dismissal of Count I but reverse its dismissal of Counts II, III, and IV. I therefore concur in result in part and respectfully dissent in part.
NOTES
[1] The State's appeal is brought pursuant to Ind.Code § 35-38-4-2(1), which states in relevant part: "Appeals to the supreme court or to the court of appeals, if the court rules so provide, may be taken by the state in the following cases: (1) From an order granting a motion to dismiss an indictment or information...."
[2] Ind.Code § 9-30-10-16.
[3] Ind.Code § 9-30-5-1(a) and 9-30-5-2(a).
[4] Ind.Code § 9-30-5-3.
[5] As an alternate basis for granting Laker's motion to dismiss, the trial court said:

[T]he only case that is really on point is the State vs. Loveless case, which again, um, specifically refers to when, when deciding what is a vehicle for purposes of the O.W.I. statutes it directs this Court to look to Indiana Code 9-13-2-105, um, which is the motor vehicle definitional section, and it says, it, it, and it is surprising to this court that a farm tractor would not be included um, but the Indiana legislature has said, that a motor vehicle, it say [sic] the term does not include a farm tractor, um, that statute in my opinion is in conflict a little bit with section 9-13-2-196, which interprets, which defines vehicle I think X-XX-X-XXX is more specific, as it specifically relates to a farm tractor, so the Court is going to grant Defendant's Motion to Dismiss Counts I, for the reason just explained, and Counts II, III, and IV.
(Tr. at 22-23.) The trial court's analysis did not acknowledge the different definitions of "motor vehicle" and "vehicle" in the Indiana Code.
Ind.Code § 9-13-2-105 explicitly excludes farm tractors from the definition of "motor vehicle." A person whose privileges are suspended is prohibited from operating a "motor vehicle." Ind.Code § 9-30-10-16. Thus, a person whose privileges are suspended is not prohibited from driving a farm tractor, and the trial court properly dismissed Count I on this basis.
However, the legislature has defined "vehicle" differently for purposes of restricting a person who is intoxicated from operating a "vehicle." Ind.Code § 9-30-5-1. "For the purposes of Ind.Code 9-30-5 ... the term [vehicle] means a device for transportation by land or air. The term does not include an electric personal assistive mobility device." Ind.Code § 9-13-2-196(e). Because the definition of "vehicle" in Ind.Code § 9-30-5 does not exclude farm tractors, the court could not dismiss Counts II, III, and IV on the ground the farm tractor was not a "vehicle."