## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 15 2018, 7:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kyle E. Cray
Bennett Boehning & Clary, LLP
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine M. Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jason Charles Johnson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 15, 2018

Court of Appeals Case No.
79A05-1711-CR-2766

Appeal from the Tippecanoe
Superior Court

The Honorable Laura W. Zeman,
Judge

Trial Court Cause No.
79D04-1612-CM-4550

**Rucker, Senior Judge.**

[1]     Jason Charles Johnson appeals his conviction of public intoxication contending the trial court erred in failing to dismiss the charging information and that the

evidence was not sufficient to sustain the conviction. Finding no error and concluding the evidence was sufficient we affirm.

## Facts and Procedural History

The facts most favorable to the judgment show that on April 23, 2016 at around 10:00 p.m. Johnson arrived in West Lafayette near the Purdue University campus. He parked his car - a Nissan Sentra - in a gravel parking lot that was adjacent to a local bar popular with area residents. Johnson contends he consumed two beers at the bar, left approximately three and a half hours later, and went to another bar where he consumed two bourbon and Cokes. According to Johnson he then left that bar, went to a restaurant, and eventually walked back to his vehicle. It was now around 4:00 a.m.

In the meantime, around 10:30 p.m. on April 23, 2016, Richard Glaze also parked his vehicle - a newly purchased Chevrolet pick-up truck - in the same gravel parking lot mentioned above. He too visited a couple of bars and admitted consuming several alcoholic beverages. A few hours later - around 1:30 a.m. - Glaze returned to his vehicle with his girlfriend intending to drive home. But realizing he was too intoxicated to drive, Glaze decided to sleep in his truck and drive home later that morning. Around 4:30 a.m. Glaze was awakened when he felt his truck "rocking from side to side." Tr. Vol. 2 p. 34. Exiting his vehicle Glaze saw a person whom he did not know, but later identified as Johnson, crouched down by the front passenger side of Glaze's truck making stabbing motions at the truck's tire with what appeared to be a

knife. Glaze yelled at Johnson, who began fleeing the scene. Glaze gave chase that briefly came to a halt about a block away when Johnson attempted to hide under a balcony attached to an apartment building. Later examination revealed the tire had sustained fourteen puncture marks and was completely deflated.

[4] Glaze used his cell phone to call 911 and shortly thereafter officers from the West Lafayette Police Department arrived at the apartment building responding to a call of a "subject who had been caught slashing tires . . . ." *Id.* at 60. However, Johnson began to flee this area as well, and again Glaze gave chase. Officers apprehended Johnson a short distance away standing near a bench at the south entrance of the Purdue University alumni center. According to the arresting officer it was "apparent . . . [Johnson] seemed to be intoxicated. He's swaying back and forth . . . the odor of, of alcohol [sic] beverages on his person was, was overwhelming. He seemed to be very intoxicated." *Id.* at 64. The arresting officer searched Johnson and recovered from his front pocket a four-inch folding knife. Throughout the entire encounter with Johnson, Glaze testified that he was "extremely upset," "very mad at [Johnson]," and "annoyed." *Id.* at 47.

[5] On December 20, 2016 the State charged Johnson with Count I public intoxication as a class B misdemeanor and Count II criminal mischief as a class B misdemeanor. Johnson filed a pretrial motion to dismiss the public intoxication charge, which the trial court denied after a hearing. Following a one-day trial held on October 12, 2017, a six-person jury deliberated for little more than 30 minutes before returning a verdict of guilty on both counts. At a

hearing held immediately following trial, the trial court sentenced Johnson to 180 days on each count to run concurrently, with two days executed and the remainder suspended to a year's probation. This appeal followed. Additional facts are set forth below as necessary.

## Discussion

## I.

[6] In this appeal, Johnson does not contest his conviction for criminal mischief. Rather Johnson challenges only his conviction for public intoxication; and he does so on two grounds. The first of which is that the trial court erred in failing to grant his pretrial motion to dismiss the charging information.

[7] "It is well established that a trial court's denial of a motion to dismiss is reviewed only for an abuse of discretion." *Study v. State*, 24 N.E.3d 947, 950 (Ind. 2015). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law. *Estrada v. State*, 969 N.E.2d 1032, 1038 (Ind. Ct. App. 2012), *trans. denied*. Further, as a general rule, when a defendant files a motion to dismiss a charging information, the facts alleged in the information are to be taken as true. *Delagrange v. State*, 951 N.E.2d 593, 594 (Ind. Ct. App. 2011), *trans. denied*. Questions of fact to be decided at trial or facts constituting a defense are not properly raised by a motion to dismiss. *Id.* at 594-95.

[8] The offense of public intoxication is governed by Indiana Code Section 7.1-5-1-3 (2012) which provides:

[I]t is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance . . . if the person:

(1) endangers the person's life;

(2) endangers the life of another person;

(3) breaches the peace or is in imminent danger of breaching the peace; or

(4) harasses, annoys, or alarms another person.

[9] In this case the State charged Johnson as follows:

On or about April 24, 2016, in Tippecanoe County, State of Indiana, Jason Charles Johnson was found at Pierce St/W Wood St in a state of intoxication caused by the person's use of alcohol or a controlled substance, said location being a public place or place of public resort and Jason Charles Johnson was harassing, annoying or alarming another person.

Appellant's App. Vol. 2 p. 16.

[10] Johnson complains the charging information was defective and should have been dismissed because "it did not properly allege who Mr. Johnson allegedly annoyed, alarmed, or harassed and likely [led] to a non-unanimous jury verdict." Appellant's Br. p. 10.

[11] The purpose of a charging information is "to provide a defendant with notice of the crime of which he is charged so that he is able to prepare a defense." *State v. Laker*, 939 N.E.2d 1111, 1113 (Ind. Ct. App. 2010), *trans. denied*. "Although the State may choose to do so, it is not required to include detailed factual allegations in the charging instrument." *Richardson v. State*, 717 N.E.2d 32, 51 (Ind. 1999). Rather, a charging information satisfies due process if the

information "enables an accused, the court, and the jury to determine the crime for which conviction is sought." *Gilliland v. State*, 979 N.E.2d 1049, 1061 (Ind. Ct. App. 2012) (quoting *Dickenson v. State*, 835 N.E.2d 542, 550 (Ind. Ct. App. 2005), *trans. denied*). Usually an information is sufficient if it tracks the language of the statute defining the offense to be charged. *Gebhard v. State*, 459 N.E.2d 58, 60 (Ind. Ct. App. 1984). However, when the statute defines the crime in general terms, then the information must specify the facts and circumstances which inform the accused of the particular offense "coming under the general description, with which he is charged." *Id.* (quoting *Hamling v. United States*, 418 U.S. 87, 117-18, 94 S. Ct. 2887, 2907-08, 41 L. Ed. 2d 590 (1973)). In addition "[e]rrors in the information are fatal only if they mislead the defendant or fail to give him notice of the charge filed against him." *Dickenson*, 835 N.E.2d at 550 (quoting *Gordon v. State*, 645 N.E.2d 25, 27 (Ind. Ct. App. 1995), *trans. denied*).

[12]     Notwithstanding Johnson's protestations to the contrary, we are not persuaded the charging information is defective. First, the information tracks the language of the statute. This is sufficient so long as it enabled Johnson, the court, and the jury to determine the crime for which Johnson was charged. *See Gilliland*, 979 N.E.2d at 1060. There is nothing in the record to suggest that either Johnson, the trial court, or the jury were unable to determine that Johnson was charged with public intoxication. And we do not view the statutory description "another person" as a general term requiring the State to include detailed factual allegations in the charging instrument. Further, even if we were to agree

that the State would have been better advised to name specifically the person alleged to have been "another person" this omission was not fatal. The record makes clear that Richard Glaze was that person. At trial the State presented three witnesses: two West Lafayette Police Department patrol officers and Glaze. Only Glaze testified concerning the effect on him as a result of Johnson's conduct, namely; that Glaze was "annoyed." Tr. Vol. 2 p. 47. We conclude the trial court did not abuse its discretion in denying Johnson's motion to dismiss the charging information.

## II.

Johnson next contends the evidence was not sufficient to sustain his conviction for public intoxication. Johnson does not contest that he was "in a state of intoxication caused by [his] use of alcohol . . . ." Ind. Code § 7.1-5-1-3. Instead, Johnson argues the State failed to establish "that the location identified in Count I of the Charging Information . . . was a place of public resort . . . ." Appellant's Br. p. 19.

When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or assess witness credibility. *Id*. Instead, we consider conflicting evidence most favorably to the trial court's ruling. *Id*. We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id*. (quoting *Jenkins v. State*, 726 N.E.2d 268, 270

(Ind. 2000)). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

[15] As recounted above the charging information alleged, among other things, that Johnson was found at "Pierce St/W Wood St in a state of intoxication . . . said location being a public place or place of public resort . . . ." Appellant's App. Vol. 2 p. 16.

[16] "The spirit of the public intoxication statute is to prevent people from becoming inebriated and then bothering and/or threatening the safety of other people in public places." *Ruiz v. State*, 88 N.E.3d 219, 224 (Ind. Ct. App. 2017) (quoting *Holbert v. State*, 996 N.E.2d 396, 401 (Ind. Ct. App. 2013), *trans. denied*). A "public place" for purposes of the offense of public intoxication, does not mean only a place devoted to public use; it also means a place that is in point of fact public, as distinguished from private, specifically, a place visited by many persons and usually accessible to the neighboring public. *State v. Jenkins*, 898 N.E.2d 484, 488 (Ind. Ct. App. 2008), *trans. denied*.

[17] In the case before us there was no testimony presented at trial specifically characterizing the area of "Pierce St/W Wood St" as a "public place." However, the record does reveal that the State introduced State's Exhibit 1 – an aerial photograph depicting Pierce Street and West Wood Street. The exhibit shows this is roughly a four to six block area that includes streets, sidewalks, a

public parking garage, a gravel parking lot, apartment buildings, and portions of the Purdue University campus.

[18] We first observe there is nothing in this record to suggest the streets and sidewalks in the area of Pierce Street and West Wood Street are anything other than public places: that is, places usually accessible to the neighboring public. And the record is clear that Johnson ran through and across these areas as Glaze gave chase. As for the gavel parking lot where Glaze first encountered Johnson, Exhibit 1 shows the lot buttresses a parking garage that Glaze testified is a "public parking garage." Tr. Vol. 2 p. 40. The jury could reasonably infer the gravel lot was a public place as well. With respect to the balcony of the apartment building where Johnson attempted to hide, it is true that an enclosed hallway or stairway of an apartment house is not a "public place or place of public resort" within the context of the public intoxication statute. *See State v. Culp*, 433 N.E.2d 823, 825 (Ind. Ct. App. 1982), *trans. denied*. Here however there is nothing in the record suggesting that the balcony in question was enclosed and thus inaccessible to the neighboring public. In sum, there was sufficient evidence before the jury to conclude that Johnson was intoxicated in a "public place" within the meaning of the public intoxication statute.

# Conclusion

[19] For the reasons stated above, we affirm the judgment of the trial court.

[20] Affirmed.

Crone, J., and Pyle, J., concur.